# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# CHARLESTON

**HARVEY PATRICK SHORT,**

      **Petitioner,**

**v.**

                                                                      **Case No. 2:12-cv-06254**

**DEBRA K. SAUERS,**
**Superintendent, SCI Forest,**

      **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 5, 2012, the Clerk's Office received a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by the petitioner, Harvey Patrick Short. The above-referenced civil action was opened to address this petition. On November 26, 2012, the petitioner filed an Amended Petition (ECF No. 5.) This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## APPLICABLE STATUTES AND CASE LAW

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

> Section 2254 of Title 28 provides, in pertinent part:
>
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
> > (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998); *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. *McDaniel v. Holland*, 631 F. Supp. 1544, 1545 (S.D. W. Va.

1986)(citing *Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the Supreme Court of Appeals of West Virginia (the "SCAWV"). *Moore v. Kirby*, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); *McDaniel v. Holland*, 631 F. Supp. at 1545. A prisoner may also exhaust the state court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's state court remedies. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546*; see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

Therefore, the petitioner must file a section 2254 habeas corpus petition in this federal court within one year of his criminal judgment becoming final, excluding the time that a properly filed petition for post-conviction relief is pending in the state courts, and the claims that are contained in his section 2254 petition must have been fully exhausted in the state courts as described above.

## PROCEDURAL HISTORY OF PETITIONER'S CASE

On March 31, 2008, Petitioner pled guilty, pursuant to a written plea agreement, to one count of Second Degree Robbery in the Circuit Court of Kanawha County. (ECF No. 1 at 1.) On January 15, 2009, Petitioner was sentenced to 5 to 18 years on the

Second Degree Robbery charge. (*Id.*)

According to the Clerk of the SCAWV, Petitioner filed a Petition for Appeal on June 1, 2009. (*State v. Short*, No. 090814). According to the Clerk, the Petition for Appeal was refused on October 8, 2009. In accordance with these dates, the ninety-day time period in which Petitioner could file a Petition for a Writ of Certiorari began to run on October 9, 2009, and expired on or about January 9, 2010. It does not appear that the petitioner filed a Petition for a Writ of Certiorari. Thus, his judgment became final on or about January 9, 2010, which would be the date upon which the one-year statute of limitations under the AEDPA would have started to run.

However, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on June 4, 2009. (Case No. 09-MISC-201). The petitioner apparently filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Randolph County on July 29, 2009. That petition was transferred to the Circuit Court of Kanawha County and assigned Case No. 09-MISC-288. The Circuit Court issued a Final Order denying both of these petitions on August 31, 2010. (ECF No. 5, Attach. 1 at 23-25.) The petitioner then had four months in which to appeal the judgments in those cases.[1]

The petitioner filed a third Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on September 16, 2010. (Case No. 10-MISC-430). Finding that this petition raised grounds that had already been adjudicated in the petitioner's

---

1 The Clerk of the Supreme Court also advised the undersigned's staff that the petitioner filed a Petition for a Writ of Habeas Corpus under the SCAWV's original jurisdiction on October 9, 2009, which was summarily refused by the Court on November 12, 2009. Because this petition was summarily refused, any grounds raised therein may not be considered as having been exhausted. *See Moore*, 879 F. Supp. at 593; *McDaniel*, 631 F. Supp. at 1546*; see also, Meadows v. Legursky*, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, *Trest v. Cain*, 522 U.S. 87 (1997)).

previous habeas corpus proceedings, the Circuit Court dismissed the third petition by Final Order entered on September 20, 2010. (ECF No. 5, Attach. 1 at 26-27.)

The petitioner filed an appeal from the denial of his first three Circuit Court habeas petitions in the SCAWV on or about October 18, 2010. (Case No. 101330.) (ECF No. 5, Attach. 1 at 8-13.) The SCAWV issued a Memorandum Decision affirming the judgment of the Circuit Court on the petitioner's habeas petitions on November 10, 2011. (*Id.* at 33-35.)

A review of the records of the Circuit Court of Kanawha County indicates that the petitioner filed a fourth habeas corpus petition in that court on October 20, 2010. The Circuit Court summarily dismissed that petition on October 26, 2010. (Case No. 10-MISC-506.) It does not appear that the petitioner filed any petition for appeal concerning the denial of his fourth Circuit Court habeas corpus petition.

The petitioner filed the instant section 2254 petition on October 5, 2012, raising the following grounds for relief:

> 1. The court breached the plea agreement entered between the Defendant and prosecutor when it determined the Defendant's sentence before the sentencing hearing by prematurely preparing a sentencing order for 5 to 18 years.
>
> 2. The petitioner was denied effective assistance of counsel when defense counsel failed to object to the violation of the plea agreement.

(ECF No. 1 at 5, 10.) Then, on November 26, 2012, the petitioner filed an Amended Petition, which raised the following grounds for relief:

> 1. The 5 to 18 years was a void sentence because the indictment actually charged first-degree robbery.

5


2. The court breached the plea agreement when it determined the petitioner's sentence before the sentencing hearing by preparing and typing up a sentencing order for 5 to 18 years.

3. The WV Legislature abused its constitutional power to define crimes and set penalties by authorizing less than 18 years for first-degree robbery – the greater offense.

4. West Virginia Code § 61-2-12 is unconstitutional for allowing less than 18 years for first-degree robbery.

5. The petitioner was denied effective assistance of counsel when counsel failed to object to the breach of the plea agreement.

6. The petitioner's right to due process of law was violated by the court preparing and typing up the sentencing order before the sentencing hearing was even held in court.

7. The petitioner's guilty plea was not knowingly, intelligently and voluntarily entered because the petitioner pled guilty believing that he was free to argue at sentencing for an alternative sentence.

8. The petitioner was denied the right to proceed pro se.

(ECF No. 5 at 5-17.) These eight (8) claims were raised in the petitioner's habeas appeal filed in the SCAWV. The undersigned has been unable to confirm that the petitioner specifically raised each of these claims in one of his first three habeas corpus petitions filed in the Circuit Court of Kanawha County.

## ANALYSIS

### A. Timeliness and exhaustion of the petitioner's grounds for relief.

For the purpose of this analysis, the undersigned will presume that the petitioner colorably exhausted each of the claims raised in his Amended Petition by asserting substantively similar claims in a petition or amended petition filed in the Circuit Court of Kanawha County, followed by an appeal thereof in the SCWAV. Thus, the undersigned will turn to the issue of the timeliness of the claims raised by the petitioner herein.

The petitioner's judgment became final on or about January 8, 2010. By that time, the petitioner had already filed his first Circuit Court habeas corpus petition, which tolled the one-year statute of limitations. The statute remained tolled until the SCAWV issued its Memorandum Decision affirming the judgment of the Circuit Court on November 10, 2011. Accordingly, the one-year statute of limitations began to run on November 11, 2011 and ran uninterrupted until November 11, 2012. The petitioner had filed his initial section 2254 petition on October 5, 2012.

The petitioner makes a request for the court to equitably toll the AEDPA statute of limitations because during the pendency of his state habeas appeal, he was paroled and moved to the State of Pennsylvania, where he was subsequently arrested on additional charges. The petitioner claims that, because of his being placed on parole and movement out of state, he did not receive proper notice of the ruling on his state habeas appeal until September 13, 2012, almost a year after the issuance of the Memorandum Decision affirming the Circuit Court's judgment. He then claims that he took prompt action to file his section 2254 petition. He further claims that the State interfered by not promptly mailing the appellate decision to him, despite his writing of letters inquiring about the appeal, which he claims went unanswered. (ECF No. 1 at 18-19; ECF No. 5 at 19-20.)

Based upon the undersigned's calculations, the initial petition appears to be timely, and the petitioner's argument for equitable tolling appears to be unnecessary. However, the petitioner did not file his Amended Petition, containing an additional six grounds for relief, until November 26, 2012, 15 days after the expiration of the one-year statute of limitations. Therefore, in accordance with Rule 15 (c) of the Federal Rules of

Civil Procedure, the court must determine whether the grounds for relief in the Amended Petition relate back to the claims raised in the timely initial section 2254 petition, in order for them not to be time-barred.

Based upon the undersigned's review of the Amended Petition, the undersigned proposes that the presiding District Judge **FIND** that Grounds Two and Five are the same claims that were raised in the initial petition and are timely, exhausted and will be considered. Furthermore, the undersigned proposes that the presiding District Judge **FIND** that Grounds Six and Seven substantively relate to whether the petitioner received the benefit of his negotiated plea agreement, similar to Grounds Two and Five, and, thus, these two grounds for relief relate back to the claims in the initial section 2254 petition, and may be deemed to be timely filed, exhausted and will be considered by the court.

The undersigned further proposes that the presiding District Judge **FIND** that Grounds One, Three, Four and Eight do not relate to whether the petitioner's plea agreement was breached or whether it was knowing and voluntary. Thus, these claims do not relate back to the claims raised in the initial petition, and should be considered to be time-barred.

> **B. Grounds Two, Five, Six and Seven fail to state a claim upon which relief may be granted.**

Assuming that Grounds Two, Five, Six and Seven are timely, the petitioner's claims therein lack merit, and the Petition and Amended Petition should be denied.

In Ground Two, the petitioner claims that "the court breached the plea agreement entered between the Defendant and the prosecutor when it determined the Defendant's sentence before the sentencing hearing by prematurely preparing a sentencing order for

5 to 18 years." (ECF No. 5 at 7.) The petitioner's Amended Petition further asserts:

> The petitioner and prosecutor entered into a plea agreement. The terms were as follows: The petitioner would plea[d] guilty to the indictment charging robbery in Case No. 06-F-140. The prosecutor would make a non-binding recommendation of 5 to 15 [sic; 18] years, not to pursue the petitioner as a recidivist, and dismiss various charges. The petitioner would be free to argue for an alternative sentence at sentencing. The court violated the plea agreement by preparing and typing up a sentencing order for 5 to 18 years before the sentencing hearing was held. There was nothing that could be said to obtain an alternative sentence.

(*Id.*)

Ground Six raises an analogous claim, asserting that the petitioner was denied due process of law by the court preparing the sentencing order before the hearing was held. (*Id.* at 15.) Similarly, Ground Seven asserts that the petitioner's guilty plea was not knowing and voluntary because he thought he was free to argue for an alternative sentence, when he "had no chance or possibility of obtaining an alternative sentence." (*Id.* at 16.)

As noted in the SCAWV's decision affirming the Circuit Court's denial of the petitioner's habeas corpus petitions:

> Petitioner suffers from paranoid schizophrenia but the record reflects that he has been adjudged competent. In September 2005, he robbed a 7-11 convenience store by telling the clerk to open the register. She complied with his direction. Petitioner's plea agreement provided that he would plead guilty to second degree robbery. In exchange, the State would dismiss various other charges, including forgery and battery upon a correctional officer, and would not pursue recidivist charges against petitioner. The State would also make a non-binding recommendation of five to eighteen years in prison, and petitioner would be free to argue for an alternative sentence. Following his guilty plea, the trial court sent him for a pre-sentencing report/diagnostic evaluation.
>
> At the sentencing hearing on January 15, 2009, both petitioner and his trial counsel addressed the court at the sentencing hearing to argue for alternative sentencing. The trial court denied the request for alternative

> sentencing, noting that petitioner's criminal history spanned four states and that he was likely to re-offend if he was not incarcerated. One of the petitioner's post-conviction claims has been that toward the end of the sentencing hearing, the trial court produced an already prepared sentencing order. The trial court sentenced the petitioner to five to eighteen years in prison.

(ECF No. 1 at 24-25.) Thus, the prosecutor made a non-binding recommendation of sentencing the petitioner to 5 to 18 years in prison, and the defendant and his counsel were permitted to argue for an alternative sentence, with the additional bargain of the other charges upon which the petitioner had been indicted, and the possibility of recidivist charge, not being pursued. Nevertheless, the court determined that the petitioner should not receive any alternative sentence because of his criminal history and likelihood of re-offending. Even if the judge made that determination prior to the hearing, that fact did not violate the terms of the plea agreement between the petitioner and the prosecutor.

Because there was no breach of the plea agreement, the plaintiff's claim in Ground Five that his court-appointed counsel provided ineffective assistance by failing to challenge or object to the alleged breach at the sentencing hearing also lacks merit and should be denied. The petitioner cannot demonstrate that he suffered any prejudice as a result of his counsel's failure to object to the court's determination that the petitioner was not entitled to an alternative sentence, or the use of a previously-drafted sentencing order.

The SCAWV further addressed the petitioner's claims as follows:

> In its August 31, 2010 order, the circuit court cancelled the previously scheduled habeas corpus omnibus hearing and denied habeas corpus relief based upon the record. The court ruled as follows:

> . . . Petitioner's sentence was pursuant to his conviction for violation of W. Va. Code § 61-2-12(b): "[a]ny person who [shall] commit robbery by placing the victim in [fear of] bodily injury . . . shall be confined in a correctional facility for not less than five nor more than eighteen years." Therefore, Petitioner's sentence is in accordance with the statutory guidelines set forth in W. Va. Code § 61-2-12(b).
>
> As a result, the Court finds that Felony Indictment No. 06-F-140 properly set forth a violation of W. Va. Code § 61-2-12(b). Petitioner knowingly plead [sic] guilty of it, and the sentence imposed falls within the discretionary statutory guidelines of such statute. Therefore, the Petitioner's allegations set forth in his Petition for a Writ of Habeas Corpus ad Subjiciendum fail[s] to state a claim upon which relief can be granted.
>
> Accordingly, the circuit court denied petitioner's habeas petition.
>
> Petitioner immediately filed another petition for a writ of habeas corpus. The circuit court again denied relief, finding that "Petitioner's present petition is based on grounds previously reviewed by the Circuit Court of Kanawha County and does not set forth any new grounds for relief." Petitioner also moved for a reduction in his sentence in his underlying criminal case, which the circuit court dismissed on the grounds that "Defendant's Motion is based on grounds previously reviewed by the Circuit Court of Kanawha County and . . . it is hereby res judicata in Case No. 06-F-140."

(ECF No. 1 at 25.)

With respect to Grounds 2, 5, 6 and 7, the undersigned proposes that the presiding District Judge **FIND** that, pursuant to 28 U.S.C. § 2254(d), the state courts' decisions denying the petitioner habeas corpus relief were neither contrary to, nor an unreasonable application of, clearly established federal law.

## **RECOMMENDATION**

Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** Petitioner's section 2254 Petition (ECF No. 1) and Amended Petition (ECF

No. 5), with respect to Grounds 2, 5, 6 and 7, and **DISMISS** Grounds 1, 3, 4 and 8 as time-barred.

The parties are notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this "Proposed Findings and Recommendation" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the "Proposed Findings and Recommendation" to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Petitioner and the Attorney General.

    November 28, 2012
             Date

Mary E. Stanley
United States Magistrate Judge