```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**HARVEY PATRICK SHORT,**

        Petitioner,

v.                                    Civil Action No. 2:12-06254

**DEBRA K. SAUERS,**
Superintendent, SCI Forest,

        Respondent.

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed October 5, 2012, which was amended November 26, 2012.**

**This action was previously referred to Mary E. Stanley, United States Magistrate Judge, who, on November 28, 2012, submitted her Proposed Findings and Recommendation pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that Grounds One, Three, Four and Eight be deemed to fall outside the one-year limitations period found in 28 U.S.C. § 2244(d)(1). She additionally recommends that Grounds Two, Five, Six and Seven be deemed timely but dismissed for failure to state a claim upon which relief may be granted inasmuch as, pursuant to 28 U.S.C. § 2254(d), the state courts' decisions denying the petitioner habeas corpus relief**

were neither contrary to, nor an unreasonable application of, clearly established federal law.

On December 10, 2012, the court received the petitioner's objections ("first set of objections"). On December 14, 2012, petitioner filed additional objections ("second set of objections"). On December 26, 2012, petitioner filed further objections ("third set of objections"). In his first set of objections, petitioner asserts that he exhausted all of his claims in state court. While the record is not entirely clear on the point, the magistrate judge concurs in that assessment. (See PF&R at 6).

The first set of objections next challenges the magistrate judge's recommendation that Grounds One, Three, Four and Eight, which are found in the untimely November 26, 2012, amended petition, do not relate back to the timely October 5, 2012, petition. Petitioner asserts the four Grounds arose out of the same conduct, transactions or occurrences found in the October 5, 2012, petition, namely, from the plea agreement and the entry of the guilty plea.

An amendment to a habeas petition relates back under Federal Rule of Civil Procedure 15(c)(2) when the new claim arises from the "same core facts [in time and type] as the

timely filed claims." Mayle v. Felix, 545 U.S. 644, 657 (2005); Gray v. Branker, 529 F.3d 220, 241 (4th Cir. 2008).  Grounds One, Three, Four and Eight are as follows:

    1.   The 5 to 18 year sentence was void inasmuch as the indictment actually charged first-degree robbery.

    3.   The Legislature abused its constitutional power to define crimes and set penalties by authorizing less than 18 years for first-degree robbery -- the greater offense.

    4.   West Virginia Code § 61-2-12 is unconstitutional for allowing less than 18 years for first-degree robbery.

    8.   The petitioner was denied the right to proceed pro se.

    As correctly noted by the magistrate judge, Grounds One, Three, Four and Eight "do not relate to whether the petitioner's plea agreement was breached or whether it was knowing and voluntary."  (PF&R at 8).  They instead relate, respectively, to whether the indictment was infirm, whether the Legislature transgressed its constitutional authority, whether a state sentencing provision is constitutionally suspect, and whether petitioner should have been permitted to proceed without counsel.[1]  None of these Grounds may properly be deemed to arise from the same temporal and substantive core facts as alleged in

---

[1] The same is true of petitioner's more belated attempt -- in his first set of objections -- to raise a competency challenge respecting his plea.  The new Ground is untimely.

the timely claims.  The objection is thus not meritorious.

The final contention found in the first set of objections, and the subject to which the second and third set of objections are devoted to as well, deals with the assertion that the circuit court unfairly prepared the Judgment prior to the sentencing hearing.  As correctly noted by the magistrate judge, no breach of the plea agreement arose from that course of action.  The prosecutor made a nonbinding recommendation of 5 to 18 years imprisonment and the defense was permitted to seek an alternative sentence.  It is simply the case that the circuit court deemed a harsher sentence to be warranted.  The fact that a particular form of the Judgment had been prepared some seven to nine months earlier does not ineluctably lead to the conclusion that the circuit court predetermined the petitioner's sentence.  The court concludes the objection lacks merit.

The court having considered the objections, and finding each to lack merit, it is ORDERED that:

1. The findings made in the Proposed Findings and Recommendation of the magistrate judge be, and they hereby are, adopted by the court; and

2. The section 2254 petition, and this action, be, and they hereby are, dismissed;

**The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and the magistrate judge.**

DATED:   January 24, 2013

_____
John T. Copenhaver, Jr.
United States District Judge